# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD FOSTER JR., <br><br> Plaintiff, <br><br> v. <br><br> DIVISION OF ADULT PAROLE OPERATIONS, et al., <br><br> Defendants. | Case No. 1:19-cv-00987-LJO-SAB <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT <br><br> (ECF No. 1) <br><br> THIRTY DAY DEADLINE |

Floyd Foster Jr. ("Plaintiff"), a pretrial detainee proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint filed July 18, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is a pretrial detainee being held at the Fresno County Jail. On October 9, 2017, Plaintiff was arrested for driving under the influence. (Compl. 3, ECF No. 1.) Nine days later, Plaintiff had an appearance in case no. P17900013-2. (Id.) Plaintiff appeared before Judge Kimberly Gaab on October 20, 2017, and Parole Agent S. Mason was present in court. (Id.) The hearing on Plaintiff's parole violation was continued pending new charges being filed. (Id.)

On October 27, 2019, Plaintiff appeared before Judge Gaab and Parole Agent L. Wallace withdrew the parole violation, Plaintiff's parole was reinstated, and Plaintiff was released on case no. P17900013-2. (Compl. at 3.) Plaintiff was remanded on the new charges in case no. F17906222, driving with a BAC of 0.08 or above and a third strike. (Id.) Plaintiff's bail was set at $280,000.00. (Id.) Plaintiff contacted Aladdin's Bail bonds to make bail on this same date. (Id.) He tried to make bail every day for fifty-seven days and on December 17, 2017, Plaintiff

filed a letter explaining to the court that the parole hold had not been dropped. (Compl. at 4.) On December 22, 2017, an order issued granting Plaintiff's request for modification, and a copy of the Court's order releasing the parole hold and allowing bail issued. (Id.) The parole hold was not released. (Id.)

On July 3, 2018, Plaintiff appeared in front of Judge Adolfo Corona and addressed the fact that the parole hold was not lifted and he was being denied bail. (Compl. at 4.) Parole Agent L. Wallace was asked why the parole hold was not removed as had been ordered on two occasions. (Id.) Parole Agent Wallace apologized to the court and stipulated on the record that the error was her mistake and that she would correct it. (Id.) The parole hold was removed on July 27, 2018, but by that time, Plaintiff no longer had the funds to make bail. (Id.)

Plaintiff brings this action against the Division of Adult Parole Operations ("DAPO"), and Parole Agents Jorge Castro, S. Mason, and L. Wallace who are employed by the DAPO. Plaintiff alleges that his due process rights under the Fifth Amendment were violated by the not ensuring that the records were correct and by ignoring the two court orders to release the parole hold. Plaintiff seeks monetary, injunctive, and declaratory relief.

**III.**

**DISCUSSION**

Plaintiff brings this action alleging violation of the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008); accord Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Since all Defendants in this action are state employees the Fifth Amendment does not apply.

Any due process claims in this action would arise under the Fourteenth Amendment which "protects persons against deprivations of life, liberty, or property." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994). Here, Plaintiff's due process claim does not clearly state whether he is bringing a substantive or procedural due process claim, but he alleges that he has

3

been kept in custody for ten months due to the failure to lift the parole hold.

### A. Substantive Due Process

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' " Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.' " Brittain, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process. Albright, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." Brittain, 451 F.3d at 991.[1]

In Rochin v. California, 342 U.S. 165 (1952), the Supreme Court found that the Due Process Clause inescapably imposes upon the court an exercise of judgment of the whole proceedings to ascertain whether they offended those cannons of decency and fairness with express the notions of justice, even toward those charged with the most heinous crimes. Rochin, 342 U.S. at 169. "Due process of law is a summarized constitutional guarantee of respect for

---

[1] Courts differ on whether a claim for wrongful detention following a reasonable initial seizure should be analyzed under substantive due process or procedural due process. Kennell v. Gates, 215 F.3d 825, 828 n.4 (8th Cir. 2000). Plaintiff has not challenged his initial detention here. Plaintiff was arrested for driving under the influence with at least three prior convictions. He alleges that due to the failure to release the parole hold he was unable to be released on bail and was kept in custody for ten months during which he could have been out on bail. The Court analyzes the claim under substantive due process although ultimately the result would be the same if considered in the procedural due process context.

those personal immunities which . . . are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental', or are 'implicit in the concept of ordered liberty'." Id. (citations omitted). The Court held that the officials had engaged in conduct that shocked the conscious by "[i]llegally breaking into the privacy of the petitioner, the struggle to open his mouth and remove what was there, the forcible extraction of his stomach's contents—this course of proceeding by agents of government to obtain evidence is bound to offend even hardened sensibilities. They are methods too close to the rack and the screw to permit of constitutional differentiation." Id. at 172.

Here, Plaintiff was arrested on a new law violation while on parole and charged with a felony. Plaintiff was held on the new charges with bail set in the amount of $270,000.00. The gravamen of Plaintiff's complaint is that the parole hold was not removed and, due to the parole hold, Plaintiff was therefore unable to be released on bail. "A prisoner's petition for damages for excessive custody can be a legitimate § 1983 claim." Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir.1985) (en banc). However, "[i]t is not every erroneous administration of state law that results in a denial of due process." Haygood, 769 F.2d at 1357. "A wrongful detention can ripen into a due process violation if 'it was or should have been known [by the defendant] that the [plaintiff] was entitled to release.' " Gant v. Cty. of Los Angeles, 772 F.3d 608, 620 (9th Cir. 2014) (quotations omitted; alterations in original). "Cases holding that an incarceration violated the Due Process Clause because defendants should have known the plaintiff was entitled to release fit at least one of two categories: (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time." Gant, 772 F.3d at 621 (quotation omitted).

1. Division of Adult Parole Operations

Plaintiff brings this action against DAPO in its official capacity. (Compl. at 3.) Plaintiff contends that the DAPO's "omissive and improper policies and procedures" violated his due process rights by failing to ensure that their records "were correctly clear and by ignoring a court order." (Id. at 5.)

"[T]he Eleventh Amendment bars suits for money damages in federal court against a

state, its agencies, and state officials acting in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff cannot bring this action seeking monetary damages against DAPO. However, Plaintiff is also seeking injunctive and declaratory relief in this action.

To state a claim under section 1983 against a state entity, a plaintiff must allege facts showing that the defendant's customs or policies amounted to deliberate indifference to constitutional rights and that these policies were the moving force behind the violations. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1127 (9th Cir. 2001); <u>Gant</u>, 772 F.3d at 620. "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official 'to take any remedial steps after the violations.' " <u>Gomez</u>, 255 F.3d at 1127 (quoting <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir.1991)). To establish deliberate indifference, a plaintiff must show that the defendant actually knew of the risk of harm, yet failed to take reasonable steps to eliminate that risk. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Bryan Cnty. v. Brown</u>, 520 U.S. 397, 341 (1997) (deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.").

Here, Plaintiff has failed to allege any facts by which the Court can reasonably infer that DAPO has a policy or procedure of failing to remove parole holds. <u>Iqbal</u>, 556 U.S. at 678-79. Plaintiff has only alleged that a parole hold was not removed in his case. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996), holding modified by <u>Navarro v. Block</u>, 250 F.3d 729 (9th Cir. 2001). "A plaintiff cannot prove the existence of a . . . policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." <u>Davis v. City of Ellensburg</u>, 869 F.2d 1230, 1233 (9th Cir. 1989).

As Plaintiff has not alleged any facts to demonstrate a policy or practice of failing to remove parole holds, he has failed to state a cognizable claim against the DAPO.

2.  <u>Defendants Castro, Mason, and Wallace</u>

To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

### a. Parole Agent Castro

Plaintiff alleges that Parole Agent Castro "with oversight and omission" failed to ensure that the proper paperwork was filled out to lift the parole hold. (Compl. at 5.) Plaintiff has failed to allege any facts to indicate how Parole Agent Castro was aware of the parole hold, was aware that it should have been lifted, or that it had not been lifted. Plaintiff's allegation that Parole Agent Castro did not ensure that the proper paperwork was filled out in insufficient for the Court to reasonably infer that he is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678-79.

To the extent that Plaintiff may be seeking to hold Parole Agent Castro liable because he holds a supervisory position at the DAPO, there is no *respondeat superior* liability under section 1983. <u>Crowley v. Bannister</u>, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted); <u>Iqbal</u>, 556 U.S. at 676. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " <u>Crowley</u>, 734 F.3d at 977 (citation and internal quotation marks omitted). Plaintiff has failed to state a cognizable due process claim against Parole Agent Castro.

### b. Parole Agents Mason and Wallace

Plaintiff has not alleged any facts that would demonstrate that either Parole Agents Mason or Wallace were aware that the parole hold had not been released and that he was being denied bail prior to July 3, 2018. Plaintiff's complaint alleges that he informed the court on July 3, 2018 that the parole hold had not been lifted and during this hearing Parole Agent Wallace

admitted that it was her mistake. (Compl. at 4.) The parole hold was subsequently removed on July 27, 2018. (Id.)

Specifically, Plaintiff alleges that Parole Agent Mason was present in court for his first appearance on the parole violation on October 20, 2017 and the hearing was continued pending new charges being filed. (Id. at 3.) On October 27, 2019, Parole Agent Wallace was present in court and the parole violation was withdrawn. (Id.) Plaintiff was remanded on the new charges and his bail was set at $280,000.00. (Id.) Although Plaintiff had been reinstated on parole, he was remanded based on the new law violations and there is no indication that Parole Agent Wallace would be aware that Plaintiff would not be released on bail following the hearing.

Although Plaintiff informed the court that the parole hold was still in place and an order issued releasing the parole hold on December 22, 2017, it was not until July 3, 2018, that Parole Agent Wallace was informed that the parole hold had not been lifted and informed the Court that it was her mistake. (Id.)

For Plaintiff's claim to arise to the level of deliberate indifference he must show more than mere negligence on the part of the named defendants. Daniels v. Williams, 474 U.S. 327, 331 (1986) ("negligent conduct by a state official, even though causing injury, [does not] constitute[] a deprivation under the Due Process Clause"); Kennell v. Gates, 215 F.3d 825, 829-30 (8th Cir. 2000) (to prevail on claim that plaintiff was mistakenly detained, he must show that the defendant knew he was mistakenly detained and failed to act). Plaintiff has failed to allege any facts to reasonably infer that Parole Agents Mason or Wallace were aware that he was being denied release on bail due to the parole hold and that they failed to act. See Chavez v. City of Petaluma, No. 14-CV-05038-MEJ, 2015 WL 3766460, at *7 (N.D. Cal. June 16, 2015) (failure to show how the named defendants knew or had reason to know that plaintiff had been improperly detained on a parole hold).

Plaintiff has failed to state a due process claim against Parole Agents Mason or Wallace for failure to remove the parole hold.

**B.     Procedural Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations

8

of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson, 545 U.S. 221; Brittain, 451 F.3d at 999. "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

Here, Plaintiff alleges a deprivation of a liberty interest, his ability to be released on bail. However, Plaintiff has not alleged facts to demonstrate that any of the named defendants deprived him of procedural due process. Due process requires that a parolee is entitled to two hearings, one at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole and a more comprehensive hearing prior to making the final revocation decision. Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973).

Plaintiff alleges that he received a hearing for his parole violation and at the time the parole violation was withdrawn. Plaintiff has failed to establish that any named defendant deprived him of due process during the parole revocation proceedings. Further, although Plaintiff alleges that the parole hold was not removed, he was in custody on his new law violations and had been charged with a felony for a fourth driving under the influence in violation of California law. Plaintiff has failed to state a cognizable claim for a violation of procedural due process.

### C. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be granted one final opportunity to file an amended complaint to correct the deficiencies identified in this order.

### IV.

### CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **July 29, 2019**

UNITED STATES MAGISTRATE JUDGE

10