# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD FOSTER JR., | Case No. 1:19-cv-00987-LJO-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| DIVISION OF ADULT PAROLE OPERATIONS, et al., | (ECF No. 7) |
| | THIRTY DAY DEADLINE |
| Defendants. | |

Floyd Foster Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2019, a screening order was filed finding that Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint. (ECF No. 5.) Currently before the Court is Plaintiff's first amended complaint, filed August 23, 2019. (ECF No. 7.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1

that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation and is housed at Wasco State Prison. While somewhat unclear from the current complaint, Plaintiff is challenging the failure to release his parole hold while he was a pretrial detainee being held at the Fresno County Jail on new charges. The Court attempts to piece together what occurred based on the allegations in the first amended complaint and the documents attached.

Plaintiff was arrested for driving under the influence on October 9, 2017. (ECF No. 7 at 16.[1]) A parole violation was filed in case no. P17900013-2 and Plaintiff's parole was revoked on October 17, 2017. (Id. at 34-36.) The matter was set for a hearing at the request of Parole Agent Jorge Castro. (Id. at 37.) On October 20, 2017, Plaintiff denied the parole violation and his supervision was formally revoked. (Id. at 38.) The parole violation hearing was continued pending new charges being filed. (Id.) Plaintiff was remanded into custody with no bail set. (Id.)

On October 24, 2017 a complaint was filed charging Plaintiff with felony charges of driving under the influence with a third strike alleged and a misdemeanor of driving while his license was suspended or revoked in State of California v. Floyd Foster Jr., case no. F17906222. (Id. at 15-16, 20.) On October 27, 2017, Parole Officer Wallace withdrew the parole violation and Plaintiff was released on parole. (Id. at 10-11, 39.) On this same date, Plaintiff was arraigned on the charges in case no. F17906222 and was remanded into custody with bail set at $289,500.00. (Id. at 20-21.) Plaintiff's preliminary hearing was continued at the request of defense counsel. (Id. at 23-26.)

On December 22, 2017, the minute order dated October 27, 2017 issued in case no. P17900013-2 releasing the parole hold was resubmitted to the jail. (Id. at 40.) On January 4, 2018, a copy of the Court's December 22, 2017 order was mailed to Plaintiff. (Id.)

On March 16, 2018, Plaintiff moved for an in-patient program in case no. F17906222. (Id. at 26.) On March 21, 2018, Plaintiff was ordered to remain in custody. (Id. at 26-27.)

On April 11, 2018, a motion for bail reduction was denied without prejudice in case no. F17906222. (Id. at 27.) On June 20, 2018, Plaintiff's counsel requested that the preliminary hearing be set. (Id. at 29.) The preliminary hearing was continued several times at the request of the People and Plaintiff. (Id. at 30-31.) On June 25, 2018, Plaintiff's bail was reduced to $265,500.00 (Id. at 31.) The parole hold was dropped sometime prior to July 17, 2018. (Id. at 13.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1       On August 1, 2018, Plaintiff's motion to suppress evidence was denied, the preliminary
2 hearing was held, and Plaintiff was held to answer on the complaint. (Id. at 31-32.)
3       Plaintiff pled to the charge of driving on a suspended license on April 25, 2019.[2]
4 https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/WorkspaceMode?p=0, Smart
5 Search, search F17906222 (last visited August 27, 2019.) A jury trial commenced on April 26,
6 2019, and Plaintiff was found guilty of driving under the influence and he was sentenced on July
7 22, 2019. Id.; (ECF No. 7 at 18).
8       Plaintiff brings this action against the Fresno County Sheriff's Department contending
9 that it received notice that his parole hold was removed and the notice was ignored.
10      Plaintiff brings the action against the Division of Adult Parole Operations ("DAPO")
11 because he was in their jurisdiction at the time that his civil rights were violated.
12      Plaintiff also brings this action against Defendants Castro and Wallace. Defendant
13 Castro was the officer of the day and his job was to handle the daily activities of a parolee when
14 the parolee's assigned parole agent was absent. Defendant Castro was his "acting parole agent"
15 at the time of the violation of Plaintiff's rights. Plaintiff placed a copy in the United States mail
16 and a second copy of the Court's order to remove the parole hold addressed to Defendant Castro.
17 Plaintiff personally contacted Defendant Castro by phone requesting further action. Defendant
18 Castro ignored Plaintiff's request and made no further investigation.
19      Defendant Wallace is the daily parole agent in Judge Gaab's courtroom where probation
20 violations are heard. She sits next to the prosecutor and has her own computer station. She
21 heard the order to remove the parole hold and reinstate parole. She was to remove the parole
22 hold and reinstate parole but did not do so. Defendant Wallace failed to release other inmates at
23 the Fresno County Jail. Plaintiff contends that Defendant Wallace had notice of the parole hold
24 and that he was entitled to relief. On July 3, 2018, Defendant Wallace's apology added insult to
25 injury. Defendant Wallace knew that as long as the parole hold was in place, Plaintiff was not

---

[2] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

able to obtain his freedom. Plaintiff had been granted bail and had the right to make bail.

Plaintiff has not requested any relief in the first amended complaint.

## III.

## DISCUSSION

### A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id.; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiffs must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiffs' federal rights.

Further, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Plaintiff fails to allege any facts by which the Fresno County Sheriff could be held liable in this action. Plaintiff states that the minute order was sent to the Fresno County County Jail showing that his parole hold was released. However Plaintiff was in custody on the new charges that had been filed against him and the complaint is devoid of any factual allegations by which the Court could reasonably infer that there was a policy of failing to release inmates from the County Jail. Iqbal, 556 U.S. at 678. Plaintiff has failed to state a claim against the Fresno County Sheriff.

**B. Due Process**

Plaintiff brings this action alleging violation of due process clause of the Fourteenth Amendment which "protects persons against deprivations of life, liberty, or property." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994). Here, it appears that Plaintiff is bringing this action alleging a violation of substantive due process.

As Plaintiff was previously advised, the substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' " Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

Here, Plaintiff was arrested on a new law violation while on parole and charged with a felony. Plaintiff was held on the new charges with bail set in the amount of $289,500.00. Plaintiff complains that the parole hold was not removed after the parole violation was withdrawn. "A prisoner's petition for damages for excessive custody can be a legitimate § 1983 claim." Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir.1985) (en banc). However, "[i]t is not every erroneous administration of state law that results in a denial of due process." Haygood, 769 F.2d at 1357. "A wrongful detention can ripen into a due process violation if 'it was or should have been known [by the defendant] that the [plaintiff] was entitled to release.' " Gant v. Cty. of Los Angeles, 772 F.3d 608, 620 (9th Cir. 2014) (quotations omitted; alterations in original). "Cases holding that an incarceration violated the Due Process Clause because defendants should have known the plaintiff was entitled to release fit at least one of two

categories: (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time." Gant, 772 F.3d at 621 (quotation omitted).

1. Division of Adult Parole Operations

Plaintiff brings this action against DAPO because he was in their jurisdiction at the time that the alleged violation of his constitutional rights occurred. However, as Plaintiff was previously advised, to state a claim under section 1983 against a state entity, he must allege facts showing that the defendant's customs or policies amounted to deliberate indifference to constitutional rights and that these policies were the moving force behind the violations. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001); Gant, 772 F.3d at 620. "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official 'to take any remedial steps after the violations.' " Gomez, 255 F.3d at 1127 (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991)). To establish deliberate indifference, a plaintiff must show that the defendant actually knew of the risk of harm, yet failed to take reasonable steps to eliminate that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Bryan Cnty. v. Brown, 520 U.S. 397, 341 (1997) (deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.").

Here, Plaintiff has failed to allege any facts by which the Court can reasonably infer that DAPO has a policy or procedure of failing to remove parole holds or release parolees from the jail. Iqbal, 556 U.S. at 678-79. Plaintiff has only alleged that a parole hold was not removed in his case. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), holding modified by Navarro v. Block, 250 F.3d 729 (9th Cir. 2001). "A plaintiff cannot prove the existence of a . . . policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989).

Further, while Plaintiff alleges that there were other detainees who were not released from the county jail, he fails to allege any facts to support the allegation. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a cognizable claim. Iqbal, 556 U.S. at 678. As Plaintiff has not alleged any facts to demonstrate a policy or practice of failing to remove parole holds, he has failed to state a cognizable claim against the DAPO.

### 2. Parole Agent Castro

Plaintiff alleges that Defendant Castro was the office of the day and his "acting parole agent." Plaintiff further alleges that he placed something in the mail and that a second copy of the parole hold order addressed to Defendant Castro. Finally, Plaintiff alleges that he personally contacted Defendant Castro and requested further action and that Defendant Castro failed to investigate. However, Plaintiff's vague and conclusory allegations of a failure to investigate are insufficient to demonstrate that Defendant Castro was aware that the parole hold had not been released, or that Plaintiff was entitled to release and failed to act. Plaintiff was in custody on the new charges and was being held on $289,500.00 in bail. The allegations in the first amended complaint are insufficient to state a claim against Defendant Castro. Iqbal, 556 U.S. at 678-79.

### 3. Parole Agent Wallace

Similarly, Plaintiff has not alleged any facts that would suggest that Defendant Wallace was aware that the parole hold had not been released. Although Plaintiff alleges that Defendant Wallace was to remove the parole hold and failed to do so, there are no facts alleged by which the Court could infer that Defendant Wallace was aware that the parole hold had not been released. Finally, even if Defendant Wallace apologized that she was supposed to have removed the parole hold, it does not demonstrate that she had knowledge of the failure to release the parole prior to when she became aware that the parole hold was still in place and apologized.

For Plaintiff's claim to arise to the level of deliberate indifference he must show more than mere negligence on the part of the named defendants. Daniels v. Williams, 474 U.S. 327, 331 (1986) ("negligent conduct by a state official, even though causing injury, [does not] constitute[] a deprivation under the Due Process Clause"); Kennell v. Gates, 215 F.3d 825, 829-

30 (8th Cir. 2000) (to prevail on claim that plaintiff was mistakenly detained, he must show that the defendant knew he was mistakenly detained and failed to act). Plaintiff has failed to allege any facts to reasonably infer that Defendant Wallace was aware that he was being denied release on bail due to the parole hold and failed to act. See Chavez v. City of Petaluma, No. 14-CV-05038-MEJ, 2015 WL 3766460, at *7 (N.D. Cal. June 16, 2015) (failure to show how the named defendants knew or had reason to know that plaintiff had been improperly detained on a parole hold).

Plaintiff has failed to state a due process claim against Defendant Wallace for failure to remove the parole hold.

### C.  Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be granted **one final opportunity** to file an amended complaint to correct the deficiencies identified in this order.

Rule 8 provides that to state a claim for relief, a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff is advised that he must set forth his relief requested in any amended complaint.

Plaintiff is further advised that under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels,

1 conclusions, formulaic recitations of the elements of a cause of action or legal conclusions 2 couched as factual allegations, Twombly, 550 U.S. at 555.  Finally, the conclusory allegations in 3 the complaint are not entitled to the presumption of truth.  Iqbal, 556 U.S. at 681.  The amended 4 complaint must contain sufficient factual allegations for the Court to reasonably infer that the 5 named defendant is liable for the conduct alleged.

### D. Request for Appointment of Counsel

Plaintiff seeks appointment of counsel stating that he is mentally challenged.  In support of his motion, Plaintiff submits a treatment plan that was prepared in April of 2015.  (ECF No. 7 at 42-50.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether exceptional circumstances exist, the district court considers "whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.' "  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015) (citations omitted); Palmer, 560 F.3d at 970.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel."  Wilborn, 789 F.2d at 1331.

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court has screened two of Plaintiff's complaints and does not find that he cannot adequately articulate his claims or respond to the Court's orders.  Although

1 Plaintiff contends that he is mentally challenged, the documents that he presents are over four years old and do not demonstrate Plaintiff's current mental status. Further, the documents show that Plaintiff has received some high school education and was working on receiving his GED.

The legal issues involved in this action are not unusually complex nor can the Court find at this stage of the proceedings that Plaintiff is likely to prevail on his claims in this action. Accordingly, the Court finds that Plaintiff has not demonstrated exceptional circumstances that would justify the appointment of counsel.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings. Accordingly, Plaintiff's request for appointment of counsel is denied.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his Constitutional rights. Plaintiff shall be granted **one final opportunity** to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is denied without prejudice;
2. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **August 27, 2019**

UNITED STATES MAGISTRATE JUDGE