# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD FOSTER JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIVISION OF ADULT PAROLE OPERATIONS, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00987-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT SECOND AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Floyd Foster Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2019, a screening order was filed finding that Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint. (ECF No. 5.) On August 28, 2019, Plaintiff's first amended complaint was screened and it was found that Plaintiff had failed to state a cognizable claim. (ECF No. 8.) Plaintiff was granted one final opportunity to file a second amended complaint within thirty days. (Id.) After Plaintiff did not file an amended complaint in compliance with the August 28, 2019 screening order, findings and recommendations issued on October 3, 2019. (ECF No. 10.) The findings and recommendations recommending dismissing this action for Plaintiff's failure to comply, failure to prosecute, and failure to state a claim. (Id.) Plaintiff filed objections on October 15, 2019, and sought an extension of time to file his second amended complaint. (ECF

1

No. 11.) On October 17, 2019, the findings and recommendations was vacated and Plaintiff was ordered to file a second amended complaint by November 1, 2019. (ECF No. 12.) Currently before the Court is Plaintiff's second amended complaint, filed October 18, 2019. (ECF No. 13.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Salinas Valley State Prison. Plaintiff brings this action against Parole Agent L. Wallace for the failure to release a parole hold while he was a pretrial detainee being held at the Fresno County Jail on new charges.

Plaintiff was arrested for driving under the influence on October 9, 2017. (ECF No. 7 at 16.[1]) A parole violation was filed in case no. P17900013-2 and Plaintiff's parole was revoked on October 17, 2017. (Id. at 34-36; ECF No. 13 at 5.) The matter was set for a hearing at the request of Parole Agent Jorge Castro. (ECF No. 7 at 37.) On October 20, 2017, Plaintiff denied the parole violation and his supervision was formally revoked. (Id. at 38.) The parole violation hearing was continued pending new charges being filed. (Id.) Plaintiff was remanded into custody with no bail set. (Id.)

On October 24, 2017 a complaint was filed charging Plaintiff with felony charges of driving under the influence with a third strike alleged and a misdemeanor of driving while his license was suspended or revoked in State of California v. Floyd Foster Jr., case no. F17906222. (Id. at 15-16, 20.) On October 27, 2017, Parole Officer Wallace withdrew the parole violation and Plaintiff was released on parole. (Id. at 10-11, 39; ECF No. 13 at 5-6.) On this same date, Plaintiff was arraigned on the charges in case no. F17906222 and was remanded into custody

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Although Plaintiff's second amended complaint alleges that he was arrested on October 19, 2017, the Court has previously taken judicial notice of the court records attached to Plaintiff's first amended complaint which show that he was arrested on October 9, 2017. See State Court Docket, attached to first amended complaint at p. 15-41. Plaintiff requests that the Court attach all exhibits from his first amended complaint to this complaint as he has no means to copy the first amended complaint or the exhibits. Generally, the Court cannot consider exhibits outside the complaint, however, judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court will take judicial notice of the state court records attached to the first amended complaint.

with bail set at $289,500.00. (ECF No. 7 at 20-21; ECF No. 13 at 6.) The state court ordered that the parole hold be released. (ECF No. 13 at 6.) Defendant Wallace did not order the parole hold released although ordered to do so. (Id.)

From October 27, 2017 to December 17, 2017, Plaintiff attempted to bail out of jail and was unable to do so due to the parole hold. (Id.) On December 17, 2017, Plaintiff informed the state court that the parole hold had not been removed and he was unable to be released on bail. (Id.) On December 22, 2017, the minute order dated October 27, 2017 issued in case no. P17900013-2 releasing the parole hold was resubmitted to the jail. (Id., ECF No. 7 at 40.) On January 4, 2018, a copy of the Court's December 22, 2017 order was mailed to all parties. (Id.) On January 17, 2018, the maximum date upon which Plaintiff could he detained on the parole hold was reached. (ECF No. 13 at 6.)

On March 16, 2018, Plaintiff moved for an in-patient program in case no. F17906222. (ECF No. 7 at 26.) On March 21, 2018, Plaintiff was ordered to remain in custody. (Id. at 26-27.)

On April 11, 2018, a motion for bail reduction was denied without prejudice in case no. F17906222. (Id. at 27.) On June 20, 2018, Plaintiff's counsel requested that the preliminary hearing be set. (Id. at 29.) The preliminary hearing was continued several times at the request of the People and Plaintiff. (Id. at 30-31.) On June 25, 2018, Plaintiff's bail was reduced to $265,500.00 (Id. at 31.)

Plaintiff appeared in state court on July 3, 2018, and Defendant Wallace was present. (ECF No. 13 at 7.) Defendant Wallace admitted that she had not lifted the parole hold as the court had ordered. (Id.) The parole hold was lifted on July 27, 2018. (Id.)

On August 1, 2018, Plaintiff's motion to suppress evidence was denied, the preliminary hearing was held, and Plaintiff was held to answer on the complaint. (Id. at 31-32.) Plaintiff pled to the charge of driving on a suspended license on April 25, 2019. https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/WorkspaceMode?p=0, Smart Search, search F17906222 (last visited August 27, 2019). A jury trial commenced on April 26, 2019, and Plaintiff was found guilty of driving under the influence and he was sentenced on July

22, 2019. (ECF No. 7 at 18).

Plaintiff seeks monetary damages and an injunction that his bail be restored, he be returned to his previous standing at the county jail, bail be posted and he be freed.

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id.; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiffs must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiffs' federal rights.

### A. Due Process

Plaintiff brings this action alleging violation of the Due Process Clause of the Fourteenth Amendment which "protects persons against deprivations of life, liberty, or property." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994). Although Plaintiff's complaint is unclear, the Court has found that is bringing this action alleging a violation of substantive due process. (See ECF No. 5 at 8-9.)

As Plaintiff was previously advised, the substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials

from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" Brittain, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process. Albright, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." Brittain, 451 F.3d at 991.[2]

The gravamen of Plaintiff's complaint is that, after he was arrested on a new law violation, his parole was revoked and a parole hold was imposed. After Plaintiff was arraigned on the new charges with bail set in the amount of $289,500.00, the parole violation was withdrawn and the parole hold was to have been removed. Since the parole hold was not removed, Plaintiff was unable to be released on bail.

"A prisoner's petition for damages for excessive custody can be a legitimate § 1983 claim." Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir.1985) (en banc). However, "[i]t is not every erroneous administration of state law that results in a denial of due process." Haygood, 769 F.2d at 1357. "A wrongful detention can ripen into a due process violation if 'it was or should have been known [by the defendant] that the [plaintiff] was entitled to release.'" Gant v. Cty. of Los Angeles, 772 F.3d 608, 620 (9th Cir. 2014) (quotations omitted; alterations in

---

[2] Courts differ on whether a claim for wrongful detention following a reasonable initial seizure should be analyzed under substantive due process or procedural due process. Kennell v. Gates, 215 F.3d 825, 828 n.4 (8th Cir. 2000). Plaintiff has not challenged his initial detention here. He alleges that due to the failure to release the parole hold he was unable to be released on bail and was kept in custody for ten months during which he could have been out on bail. The Court analyzes the claim under substantive due process although ultimately the result would be the same if considered in the procedural due process context.

original). "Cases holding that an incarceration violated the Due Process Clause because defendants should have known the plaintiff was entitled to release fit at least one of two categories: (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time." Gant, 772 F.3d at 621 (quotation omitted). Here, there are no allegations that Plaintiff was denied access to the courts, so to state a claim he would need to allege facts to demonstrate that the circumstances indicated to Defendant Wallace that he was being wrongly detained due to the parole hold.

Although Plaintiff alleges that the state court specifically ordered Defendant Wallace to lift the parole hold, there are no facts alleged to suggest that Defendant Wallace was present when Plaintiff informed the Court that the parole hold remained in place. While Defendant Wallace was present when the parole violation was withdrawn and the court ordered that the parole hold be lifted, there are no facts alleged by which the Court can reasonably infer that Defendant Wallace was aware that Plaintiff was being detained due to the parole hold prior to the July 3, 2018 hearing. Iqbal, 556 U.S. at 678-79.

For Plaintiff's claim to arise to a constitutional violation he must show more than mere negligence on the part of the named defendant. Daniels v. Williams, 474 U.S. 327, 331 (1986) ("negligent conduct by a state official, even though causing injury, [does not] constitute[] a deprivation under the Due Process Clause"); Kennell v. Gates, 215 F.3d 825, 829-30 (8th Cir. 2000) (to prevail on claim that plaintiff was mistakenly detained, he must show that the defendant knew he was mistakenly detained and failed to act). To impose liability for the failure to release Plaintiff he would be required to show deliberate indifference to his right to be released. Green v. Baca, 306 F. Supp. 2d 903, 916 (C.D. Cal. 2004).

Plaintiff alleges that Defendant Wallace was responsible for lifting the parole hold, but Plaintiff was in custody on the new law violations. Plaintiff has alleged no facts to indicate that Defendant Wallace was aware that Plaintiff was being detained based on the parole hold. As alleged in the second amended complaint, Defendant Wallace was aware that new charges had been filed against Plaintiff and he was detained on those charges. Plaintiff has failed to allege

any facts that would indicate that Defendant Wallace knew or should have known that he was being denied bail because the parole hold had not been lifted and failed to act. See Chavez v. City of Petaluma, No. 14-CV-05038-MEJ, 2015 WL 3766460, at *7 (N.D. Cal. June 16, 2015) (failure to show how the named defendants knew or had reason to know that plaintiff had been improperly detained on a parole hold).

While Plaintiff has alleged that Defendant Wallace was present when the parole hold was ordered to be lifted, the only other factual allegation is that the court reissued the minute order to the jail and sent a copy to the parties. Although Plaintiff's allegations may be sufficient to demonstrate that Defendant Wallace was negligent by failing to lift the parole hold after the parole violation was withdrawn, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Lewis, 523 U.S. at 849. Plaintiff has failed to allege any facts that would demonstrate that Defendant Wallace was aware that he was being denied the ability to post bail due to the parole hold until she was present in court on July 3, 2018 and the parole hold was lifted shortly thereafter.

Plaintiff has failed to state a due process claim against Defendant Wallace based on her failure to remove the parole hold.

**B.     Injunctive Relief**

In this action Plaintiff seeks to receive damages in the amount of bail, to be transferred from the custody of CDCR back to the County Jail, for bail to be posted, and for him to be released from custody.

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Further, any award of equitable relief in this action is governed by the Prison Litigation Reform Act ("PLRA"), which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's allegation that Defendant Wallace did not release the parole hold does not confer jurisdiction in this action over the CDCR such that the Court could order Plaintiff to be transferred back to the county jail. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

Nor can this court order that Plaintiff be able to post bail and be released. Plaintiff is in custody after a jury trial finding him guilty of driving under the influence and his request for release would have to be raised in habeas corpus. Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Additionally, such such relief would not be narrowly tailored to any violation of Plaintiff's federal rights and would be prohibited by the PLRA. Plaintiff cannot receive an injunction in this action requiring that he be transferred back to the county jail and be released from custody.

**C.     Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed

(Feb. 25, 2015).

In this instance, Plaintiff has been provided with the legal standards that apply to his claims and has been provided with the reasons that his claims are deficient. Plaintiff has now filed three substantially similar complaints without correcting the deficiencies identified in the prior screening orders. The Court finds that providing further opportunity to amend would be futile. Accordingly, the Court recommends that the complaint be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his Constitutional rights. Plaintiff has previously been notified of the applicable legal standards and the deficiencies in his pleadings, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the previously filed complaints. Based upon the allegations in Plaintiff's original, first amended and second complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for violation of the Due Process Clause, and further amendment would be futile. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's second amended complaint be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 23, 2019**

_____
UNITED STATES MAGISTRATE JUDGE