# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD FOSTER, JR., | 1:19-CV-00987-LJO-SAB |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS |
| v. | |
| DIVISION OF ADULT PAROLE OPERATIONS, *et al.*, | (ECF NO. 14) |
| Defendants. | |

Plaintiff Floyd Foster, a California state inmate, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983").

While awaiting disposition of state law charges of driving under the influence of alcohol ("DUI"), Plaintiff attempted to post bail in the matter. ECF No. 13 at 5-6.[1] Plaintiff alleges his attempts to secure his release came after the court granted the state's request to withdraw a related parole violation and ordered on October 27, 2017, that Plaintiff be released on the withdrawn violation. *Id*. Plaintiff contends that he was unable to post bail in the DUI matter because the state parole agent present in court for the parole violation withdrawal did not take the steps necessary to release the parole hold. *Id*. at 6. Plaintiff states that the agent's failure to act continued even after being ordered a subsequent time by the state court to take the steps necessary to lift the parole hold. *Id*. Ultimately, the

---

[1] Page numbers reference are based on the document's total length, as no page numbers were assigned by Plaintiff or ECF. For example, if reviewed as a pdf, "ECF No. 13 at 5-6" would be pages 5 through 6 of the 9 page document.

1

parole hold was not lifted until after a hearing on July 3, 2018, in which the parole agent allegedly admitted her culpability for Plaintiff's failed release from the parole hold. *Id*. Plaintiff contends he was unable to post bail in the DUI matter at that point because he no longer had the resources in place to do so. *Id*. On July 18, 2019, Plaintiff commenced this action for excessive custody. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2019, the Magistrate Judge filed findings and recommendations ("F&Rs") recommending that the second amended complaint ("SAC") be dismissed with prejudice for failure to state a cognizable claim. ECF No. 14. The F&Rs were served on Plaintiff, and Plaintiff filed objections on November 18, 2019. ECF No. 15. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case, and for purposes of the review, accepts Plaintiff's allegations of fact as true. The Court declines to adopt the F&Rs for the reasons discussed below, and while the decision is close, the Court finds that Plaintiff's SAC states a cognizable claim.

The F&Rs found that Plaintiff's allegations are insufficient because, under the analysis employed, the allegations fail to demonstrate anything beyond mere negligence on the part of the parole agent even if all facts alleged are proven true. ECF No. 14 at 8. The F&Rs reason that "Plaintiff was in custody on the new law violations" and the parole agent was "aware that new charges had been filed against Plaintiff and he was detained on those charges," concluding that "Plaintiff has failed to allege any facts that would indicate" that the parole agent "knew or should have known" that Plaintiff was unable to post bail due to the parole hold and failed to act. ECF No. 14 at 7-8.

However, two issues must be considered. First, Plaintiff's SAC alleges the Court reissued the relevant parole withdrawal minute order and sent a copy "to all parties," as the F&Rs note. ECF Nos. 13 at 6, 14 at 8. Whether mailed or delivered electronically through a court computer system, if that notice was directed at or forwarded to the parole agent in question as alleged, it could constitute evidence that the parole agent knew or should have known that the parole hold continued in place even after the parole

2

violation was withdrawn and Plaintiff was ordered released on it. Courts do not routinely reissue orders without reason, and the reissuance of that order may be a "circumstance" indicating to the parole agent that "further investigation was warranted"—if the parole agent was or should have been aware of the order. *Gant v. Cty. of Los Angeles*, 772 F.3d 608, 621 (9th Cir. 2014). As no discovery has occurred, it is impossible on this record to determine whether the parole agent received the reissued minute order.

Second, this potential notice must be contextualized. Because of the duties and authority of parole agents, this case arguably is unlike *Chavez v. City of Petaluma*, No. 14-CV-05038-MEJ, 2015 WL 3766460 (N.D. Cal. June 16, 2015), cited in the F&Rs for the proposition that dismissal of a complaint is warranted when the complaint fails to show that a named defendant knew or had reason to know that an arrestee was improperly detained on a parole hold.

In *Chavez*, the court dismissed a § 1983 parole hold claim against a county and its sheriff reasoning in part that the plaintiff alleged "no facts indicating that the [county or its sheriff] understood the situation [the plaintiff] was in or that they denied him an opportunity to be heard." No. 14-CV-05038-MEJ, 2015 WL 3766460, at *7. In other words, the court found that the county and its sheriff did not know or have reason to know that the plaintiff was improperly detained. The court further noted plaintiff's concession that neither the sheriff nor the county decides who is or is not on parole. *Id*. Therefore, dismissal of the parole hold claim vis-à-vis the county and the sheriff was appropriate. *Id*.

However, in *Green v. Baca*, 306 F. Supp. 2d 903, 915-918 (C.D. Cal. 2004), the court denied in part a defense motion for summary judgment, finding a triable issue of fact based on the plaintiff's assertions that he had verbally informed jail staff that his parole hold had been lifted and that he had filed a grievance about the hold. The court reasoned that the plaintiff's verbal and written complaints could conceivably constitute evidence that the deputies knowingly failed to investigate the plaintiff's detention. *Id*. Notably in *Green*, a supervising parole agent explained that it was the duty of the parole

agency's staff to transmit notice of a parole hold's release to the relevant detention facility.[2] *Id*. at 905-06. Because that notice allegedly was transmitted in *Green*, the court did not address potential liability on the part of the parole agency or its staff. *Id*. at 905-06, 911-12.

Unlike a jail or prison, the essential duties of a parole agency revolve around the *parole status* of each parolee under its supervision. True, Plaintiff was held on bail for new charges, a circumstance that might make more difficult ascertainment of an error in lifting a parole hold, but a parole agency is not exempted from knowing which parolee is or is not in being held on a parole violation simply because other circumstances might cloud the picture. Plaintiff's averment that the parole agent received a second communication from the court regarding his parole hold must be viewed in this context, which reinforces the salience of point one—that a reissued, pertinent minute order may be a circumstance indicating to the parole agent that further investigation of a parolee's status is warranted.

For these reasons, the Court concludes that, while a close decision, Plaintiff has alleged sufficient facts to state a claim upon which relief may be granted.

## CONCLUSION AND ORDER

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court declines to adopt the F&Rs and finds that plaintiff's complaint plausibly states a claim upon which relief may be granted.

This case is referred back to the magistrate judge for further action.

IT IS SO ORDERED.

    Dated:   **January 14, 2020**          **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges that changes to the California parole revocation process effective July 1, 2013, including the repeal of California Penal Code § 3060 by its own provisions, altered the duties and powers of "the parole authority" and thus, parole agents. For an FAQ on the subject from the state Administrative Office of the Courts, see <http://www.courts.ca.gov/partners/documents/FAQs-Parole-Revocation-Proceedings.pdf>.