# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD FOSTER JR., | Case No. 1:19-cv-00987-SAB |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE AND FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| L. WALLACE, | (ECF No. 37) |
| Defendant. | |

Plaintiff Floyd Foster Jr. is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. 1983.  On June 4, 2021, the Court denied Defendant's motion for summary judgment, and granted in part and denied in part Defendant's motion for an order dismissing the action or alternatively revoking Plaintiff's *in forma pauperis* status.  (ECF No. 37.)  The Court specifically found that the Defendant had acted in bad faith by refiling his complaint after being ordered to pay the filing fee in another action.  (ECF No. 37 at 15-16.)  However, rather than dismissing the action with prejudice as requested by Defendant, the Court instead ordered this action would be allowed to proceed if Plaintiff payed the filing fee.  (Id.)  The Court afforded Plaintiff forty-five (45) days after entry of the order to pay the filing fee in this matter.  (Id. at 17.)  The Court also specifically advised Plaintiff that if he failed to pay the filing fee in compliance with the order, this case would be dismissed with prejudice.  (Id.)  More than forty-five (45) days have passed and Plaintiff has not paid the filing fee or otherwise made any filing with the Court.  For the

reasons explained herein, this action shall be dismissed with prejudice for failure to pay the filing fee and for failure to comply with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Having considered the above factors, the Court finds dismissal appropriate. A civil action may not proceed unless the plaintiff pays the filing fee in full or the plaintiff's application to proceed *in forma pauperis* is granted. See 28 U.S.C. §§ 1914, 1915. Plaintiff's *in forma pauperis* has been revoked after a finding of bad faith on the part of Plaintiff, Plaintiff has failed to pay the filing fee within the allotted time, and Plaintiff has not otherwise responded to the Court's June 4, 2021 order. The Court is left with no alternative but to dismiss this action as the case can proceed no further without Plaintiff's cooperation and compliance with the Court's June 4, 2021 order. Moreover, the matter cannot simply remain idle on the Court's docket,

unprosecuted, awaiting Plaintiff's compliance.  The Court finds less drastic sanctions are not prudent because the Court previously denied in part Defendant's motion to dismiss this action for the bad faith demonstrated in relation to filing this action and Plaintiff's *in forma pauperis* status, and instead granted Plaintiff forty-five (45) days to pay the filing fee.  Plaintiff failed to oppose Defendant's motion filed on December 17, 2020, and has failed to make any filing in this action since such date, including any response to the Court's June 4, 2021 order.

Accordingly, IT IS HEREBY ORDERED that:

1. This action be DISMISSED, with prejudice, for Plaintiff's failure to comply with the Court's June 4, 2021 order (ECF No. 37), and failure to pay the filing fee; and
2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **July 27, 2021**

UNITED STATES MAGISTRATE JUDGE